Dear Mayor Baquet:
We are in receipt of your request for an Attorney General's opinion regarding a vacancy on the Board of Aldermen, as follows:
 "Does the City in light of our peculiar circumstances and pursuant to R.S. 18:602, or any other appropriate Statute have the obligation or authority to appoint someone to fill the vacancy of Alderman Fontenot [who has moved from his district, District D, and the city now considers his seat vacant], or call for a special election, or is it the Governor who appoints or calls the special election?"
The "peculiar circumstances" you speak of refer to the city's reapportionment problems. Your letter states that the city attempted to reapportion the governing authority back in 1993 and again in 1994, when both plans were objected to under Section 5 of the Voting Rights Act by the United States Department of Justice. Further, that the city requested a reconsideration from the Justice Department in August of 1996, which was declined, and that the city has declined to seek a declaratory judgment in the U.S District Court for the District of Columbia and has, therefore, not yet been apportioned, nor have elections been held for the aldermen in districts since 1990. The aldermen elected from districts in 1990 are holding over in office under the provisions of LSA-R.S. 42:2, as follows:
 Every public officer in this state except in case of impeachment or suspension, shall continue to discharge the duties of his office until his successor is inducted into office.
Our last opinion to the city on this issue was dated August 19, 1994, Opinion No. 94-379, in which we advised you of your legal obligations and liabilities in reapportioning the governing authority of the City of Ville Platte. We understand that the City is presently working on a reapportionment plan that should be completed in the next couple of weeks. Without consenting to the delay in the City's obligation to reapportion, this opinion will hereafter address your specific question.
The facts of the vacancy in District D are that Alderman Fontenot's term actually expired on December 31, 1994, but that he continued in office as a hold-over under the provisions of R.S. 42:2. The next regularly scheduled elections are at the congressional elections in 1998, more than a year away. Therefore, it is our opinion that the "hold-over" governing authority of the City of Ville Platte is charged with the obligation of performing their duties in accordance with law until their successors are sworn into office. (R.S. 42:2) Accordingly, the governing authority shall proceed under the provisions of R.S. 18:602 and appoint a qualified person within ten (10) days of the vacancy to District D, which person shall serve in the same capacity as Alderman Fontenot, i.e. as a "hold-over", until his successor is sworn into office. If the city fails to make the appointment, the governor is required to do so.
Trusting this opinion answers your specific question, we remain
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ ANGIE ROGERS LAPLACE Assistant Attorney General
RPI/ARL:cwr